# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CATHERINE MARIE ANDERSON,

    Petitioner,        Case Number:2:06-CV-13466

v.                HONORABLE NANCY G. EDMUNDS

CLARICE STOVALL,

    Respondent.
               /

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING CERTIFICATE OF APPEALABILITY

Petitioner Catherine Marie Anderson has filed a *pro se* petition for a writ of habeas corpus. Petitioner, who is incarcerated at the Robert Scott Correctional Facility in Plymouth, Michigan, challenges her conviction for conspiracy to commit murder. For the reasons set forth below, the Court denies the petition.

**I.**

Petitioner was charged, in Calhoun County Circuit Court, with open murder and conspiracy to commit murder, in connection with the death of Jerry Talbert at his home in Battle Creek, Michigan. On December 16, 2000, Petitioner contacted the Battle Creek Police Department expressing their concern that a breaking and entering had occurred at Talbert's home, where she and co-defendant Rachel Talbert (Jerry Talbert's daughter-in-law) were residing. Police found Talbert dead in his home. He had been shot and stabbed. At the scene, Petitioner and Rachel Talbert gave inconsistent statements to police. Upon further police questioning, each admitted their involvement in the crime. Petitioner told police that Jerry Talbert had been sexually abusing children, and that Keith Lord had entered the home and killed

the victim. She, Lord and Rachel Talbert had arranged to provide alibis for one another.

Petitioner pleaded no contest to conspiracy to commit first-degree murder. In exchange for her plea, the prosecutor dismissed the open murder charge. On June 20, 2003, she was sentenced to life imprisonment.

She then filed a motion to withdraw her plea in the trial court. She argued that she should be allowed to withdraw her plea because she pleaded to a non-existent offense, conspiracy to commit open murder, and because her attorney was ineffective in allowing her to plead guilty to a non-existent offense. The trial court denied the motion. *See* Tr., 7/19/04, 20-23.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Defendant should be allowed to withdraw her guilty plea because she pled guilty to a non-existent offense.
>
> II. Defendant received ineffective assistance of counsel at plea-taking where her attorney allowed her to plead guilty to conspiracy to commit open murder as open murder permits guilt to second-degree murder and there is no such offense as conspiracy to commit second-degree murder; the trial court erred by denying a *Ginther* hearing.

The Michigan Court of Appeals denied leave to appeal. *People v. Anderson*, No. 257410 (Mich. Ct. App. Oct. 1, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Anderson*, No. 127452 (Mich. July 26, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus. She raises the same claims presented on direct review in state court.

## II.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

3

> governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11.

### III.

### A.

Petitioner claims that she is entitled to habeas corpus relief because she should have been permitted to withdraw her plea where she pleaded no contest to a nonexistent offense. She argues that jurisdiction never attached to the offense to which she pleaded no contest, conspiracy to commit murder, where the information did not properly charge her with that offense.

4

The Supreme Court has held that, to be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). To be voluntary and intelligent, the plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. For a defendant's plea of guilty to be voluntary, the defendant "must be aware of the maximum sentence that could be imposed." *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994) (citing *Hart v. Marion Correctional Institute*, 927 F.2d 256, 259 (6th Cir. 1991)). Additionally, the defendant must at least have a "sufficient awareness of the relevant circumstances and likely consequences." *Hart*, 927 F.2d 257.

Petitioner's argument is based upon a claim that conspiracy to commit second-degree murder is a non-existent offense under Michigan law. Petitioner is correct that conspiracy to commit second-degree murder is a non-existent offense under Michigan law. *See People v. Hammond*, 187 Mich. App 105, 107-109; 466 NW2d 335 (1991). However, Petitioner pleaded guilty to conspiracy to commit *first-degree* murder. The trial court, the last state court to issue a reasoned opinion regarding this claim, held that Petitioner was aware that that was the charge to which she was pleading guilty and that she understood the consequences of that plea. This Court finds that the transcript of plea proceedings supports the trial court's holding in this regard. Therefore, the trial court's conclusion that the plea was knowing and voluntary was not contrary

5

to or an unreasonable application of Supreme Court precedent.

To the extent that Petitioner claims that her plea is invalid because the information incorrectly charged her with conspiracy to commit open murder rather than conspiracy to commit first-degree murder, this claim also does not entitle her to habeas relief. The Sixth Amendment guarantees a criminal defendant a right to be clearly informed of the nature and cause of the charges against him in order that he may prepare a defense. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir.1988) (quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir.1984)). A complaint or indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

In this case, the Court finds that Petitioner had fair notice of the charges against her. The felony information cites the correct statutory provision and the transcript from the plea hearing supports a finding that she understood that she was charged with conspiracy to commit first-degree murder. Therefore, the Court finds that Petitioner's claim that the information was insufficient does not warrant habeas relief.

**B.**

Second, Petitioner claims she is entitled to habeas corpus relief because her attorney was ineffective in allowing her to plead no contest to a non-existent offense, conspiracy to commit open murder, rendering her plea unknowing and because the trial court failed to conduct an

6

evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973).

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

Petitioner has not shown that her attorney permitted her to plead no contest to a non-existent offense. During the plea colloquy, it was clearly explained to Petitioner that she was pleading guilty to conspiracy to commit first-degree murder. She expressed her understanding of the nature of the plea and indicated that no promises had been made to her other than those explained to be part of the plea agreement.

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding her understanding of the plea:

7

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

The trial court, in rejecting Petitioner's motion to withdraw her plea, held that Petitioner was fully aware that the charge to which she was entering a plea was conspiracy to commit first-degree murder. She indicated that she understood the benefit to her to be that the open murder charge, which carried with it a chance of a non-parolable life sentence, would be dismissed and that the charge to which she was entering a plea allowed for parole consideration. Given all of these considerations, the court held that the plea was clearly explained to Petitioner, that she understood the terms of the plea, and that her attorney was not ineffective in his representation of her. The Court finds that the trial court's decision has ample record support and that the decision was not contrary to or an unreasonable application of *Strickland* or *Hill*.

Petitioner also argues that the trial court abused its discretion in failing to grant a hearing on her ineffective assistance of counsel claim pursuant to *People v. Ginther*, 390 Mich. 436 (1973). *Ginther* does not confer an absolute right to an evidentiary hearing in all cases where a defendant alleges ineffective assistance of counsel, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, this portion of Petitioner's second claim is not cognizable on habeas corpus review.

8

**IV.**

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best able to decide whether to issue a COA. *See id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

**V.**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

        s/Nancy G. Edmunds
        **Nancy G. Edmunds**
        **United States District Judge**

**Dated: October 27, 2008**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2008, by electronic and/or ordinary mail.**

        s/Carol A. Hemeyer
        **Case Manager**